IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| EDGAR JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 CV 2567 D/P |
| | ) | |
| HOME TECH SERVICES CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| CHARLENE SPINKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 CV 2568 D/P |
| | ) | |
| HOME TECH SERVICES CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| BOBBIE J. CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 CV 2569 D/P |
| | ) | |
| HOME TECH SERVICES CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PLAINTIFFS' RENEWED MOTIONS TO EXCEED TEN DEPOSITIONS, GRANTING MOTIONS TO AMEND SCHEDULING ORDER, AND GRANTING DEFENDANTS MOTIONS FOR PROTECTIVE ORDERS**

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 5/5/05



Before the court are the following pretrial motions: (1) Plaintiffs' Renewed Motions to Exceed Ten Depositions (Johnson dkt #219; Spinks dkt #206; and Carr dkt #269); (2) Plaintiffs' Motions to Amend the Scheduling Order (Johnson dkt #216; Spinks dkt #195; Carr dkt #260); and (3) Defendants' Motions for Protective Orders (Johnson dkt #225; Spinks dkt #227, 233, 235; Carr dkt #285, 291). On March 3, 2005, the court held a hearing on these motions. Counsel for all parties were present and heard. For the reasons below, Plaintiffs' motions to exceed ten depositions and motions to amend the scheduling order are GRANTED, and Defendants' motions for protective orders are GRANTED.

**I. PLAINTIFFS' RENEWED MOTIONS TO EXCEED TEN DEPOSITIONS**

In August 2004, Plaintiffs filed their original motions to exceed ten depositions. At a hearing on October 21, 2004, the court denied those motions without prejudice. The court found that, at that time, the Plaintiffs failed to make a particularized showing of why they needed the extra depositions. The motions were denied without prejudice, and the court instructed Plaintiffs that if they wanted to renew their motions in the future, they had to specifically (1) identify the witnesses who have already been deposed and the pertinent information each witness provided; (2) explain what additional information the Plaintiffs seek; and (3) identify the additional witnesses who Plaintiffs want to depose and explain why Plaintiffs believe these witnesses will provide the additional information.

Each plaintiff has now deposed nine to eleven individuals and corporate representatives.[1] Johnson now wants to depose two more individuals, Earnest Wells, Jr. and Marlene Williams, stating that they have information about Johnson's transaction, either in the loan making process, closing, or home improvements. Spinks wants to depose Nina Townes and Marlene Williams, claiming that they have information about Spinks's transaction, either in the loan making process or regarding her desire to make home improvements. Carr wishes to depose Nina Townes, Marlene Williams, and Richard Lucas. Carr claims that these individuals have information about Carr's transaction, either in the loan making process, closing, or participation in the equity savings plan. Additionally, Spinks and Carr want to depose three other employees of NovaStar because Plaintiffs claim the corporate representatives produced as Rule 30(b)(6) designees did not have knowledge of the information sought by Plaintiffs, and that during these 30(b)(6) depositions, these witnesses identified these three individuals as person who may have relevant information. Plaintiffs also suggest that they may need more depositions in the future.

The Federal Rules of Civil Procedure limit parties to a total

---

[1] Each Plaintiff deposed Memphis Financial Services, Home Tech Services, Worldwide Mortgage Corp., Gregg Drew, Earnest Wells, Sr., and Chandra Wells. Plaintiff Edgar Johnson deposed Wachovia Bank, Equity Title and Escrow, Steven Winkel, and Cary Califf. Plaintiff Charlene Spinks deposed NovaStar Mortgage, Carla Brooks, and Pam Brown. Plaintiff Bobbie Carr deposed NovaStar Mortgage, Equity Title and Escrow, Economic Advantages, Steven Winkel, and Sandra Wells.

of ten depositions per side. Fed. R. Civ. Pro. 30(a)(2)(A); <u>see also</u> <u>AT Home Corporation v. Leo Burnett, Inc.</u>, No. 04-0931, 2005 WL 289976, at *3 (N.D. Cal. Feb. 4, 2005) (unpublished) ("Rule 30(a)(2)(A) requires that a party obtain leave of court . . . before taking depositions in excess of the limit of ten per side."). A party must obtain leave of court to conduct more than ten depositions, and such leave shall be granted to the extent consistent with the principles of Rule 26(b)(2). <u>Id.</u> Rule 26(b)(2) states:

> The frequency or extent of use of discovery methods . . . shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

A party seeking to exceed the presumptive number of depositions must make a "particularized showing of why the discovery is necessary." <u>Archer Daniels Midland Co. v. Aon Risk Servs., Inc.</u> 187 F.R.D. 578, 586 (D. Minn. 1999); <u>see also</u> <u>In re Air Crash at Taipei</u>, 2003 U.S. Dist. LEXIS 23220 (D.D. Cal. 2003) (unpublished); <u>Barrow v. Greenville Indep. School Dist.</u>, 202 F.R.D. 480, 482 (N.D. Tex. 2001); <u>Whittingham v. Amherst College</u>, 163 F.R.D. 170, 171 (D. Mass. 1995).

4

As an initial matter, the Plaintiffs' renewed motions could have and should have provided the court with more specific information regarding the depositions taken thus far and why they need the additional depositions. However, at the March 3 hearing, Plaintiffs provided some additional information which the court finds is sufficient to support the renewed request to depose Earnest Wells, Jr., Marlene Williams, Nina Towns, and Richard Lucas. Therefore, the court GRANTS Plaintiffs' renewed motion with respect to these witnesses. As for NovaStar's Rule 30(b)(6) witnesses, Plaintiffs Carr and Spinks have already deposed two designees, and now want to depose at least three more NovaStar witnesses. Because Plaintiffs have already taken two depositions of NovaStar, the court will only allow Plaintiffs Carr and Spinks to each take one additional deposition of NovaStar's witnesses.

If additional depositions are necessary, Plaintiffs must file a motion with the court and must make a particularized showing of why the additional depositions are necessary.

## II.  PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER AND DEFENDANTS' MOTIONS FOR PROTECTIVE ORDER

Plaintiffs seek to amend the scheduling order to allow all parties additional time to complete discovery, disclose experts, and file dispositive motions. Defendants also ask for additional time to disclose defense experts and file dispositive motions, but oppose any extension of the discovery deadlines.

Based on the entire record, and for good cause shown, the motions to amend the scheduling orders are GRANTED and the motions

for protective orders are GRANTED in part and DENIED in part, as follows:

Completing all discovery:  July 1, 2005

Plaintiffs' expert disclosures: August 1, 2005

Defendants' expert disclosures: September 1, 2005

Expert depositions: October 1, 2005

Filing dispositive motions: November 1, 2005

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

5/3/05
Date



# Notice of Distribution

This notice confirms a copy of the document docketed as number 278 in case 2:03-CV-02568 was distributed by fax, mail, or direct printing on May 5, 2005 to the parties listed.

---

Bruce E. Alexander
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

Robert B. Hale
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

W. Timothy Hayes
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Mitchel H. Kider
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

Sapna V. Raj
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Virginia M. Patterson
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Loys A. Jordan
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Jennifer Shorb Hagerman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Roscoe Porter Feild
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Evan Nahmias
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Louis F. Allen
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Webb A. Brewer
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT