IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLENE SPINKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 CV 2568 D/P |
| | ) | |
| HOME TECH SERVICES CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| BOBBIE J. CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 CV 2569 D/P |
| | ) | |
| HOME TECH SERVICES CO., INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO
RESPOND TO REQUESTS FOR ADMISSIONS AND GRANTING IN PART
NOVASTAR'S COUNTER-MOTION TO DETERMINE THE SUFFICIENCY OF ANSWERS
AND OBJECTIONS

Before the court are plaintiffs Charlene Spinks and Bobbie Carr's motions for extension of time to respond to defendant NovaStar's First Set of Request for Admissions, filed March 7, 2005. On April 8, 2005, NovaStar filed its response to these motions, and included in its response a counter-motion to determine the sufficiency of plaintiffs' answers and objections. On May 11,

This document entered on the docket sheet In compliance
with Rule 58 and/or 79(a) FRCP on 5-20-05

2005, the court held a hearing on these motions. Counsel for all interested parties were present and heard. For the reasons stated in open court, and as set forth below, the plaintiffs' motion for extension of time is GRANTED, and NovaStar's counter-motion is GRANTED in part.

## I.  BACKGROUND

NovaStar's First Set of Requests for Admission was delivered to the plaintiffs on or about December 28, 2004. Generally, the requests for admission ask plaintiffs to admit that they do not know of any facts or evidence supporting the allegations in their complaints. During this time period, plaintiffs' counsel's law office was in the process of being renovated, and although someone at the office received the package, none of the attorneys involved in this litigation were aware of the requests. It was not until sometime in the middle of February 2005 - approximately two weeks after the responses were due - that NovaStar's counsel contacted plaintiffs' counsel to inquire about the requests for admission and to inform them that the responses were past due. It was at that time that plaintiffs' counsel discovered the requests in their office. Plaintiffs subsequently submitted their responses on March 7, 2005, and contemporaneously filed the present motion asking that plaintiffs be allowed to withdraw their prior admissions.

## II.  ANALYSIS

Under Federal Rule of Civil Procedure 36(a), a "matter is admitted unless, within 30 days after service of the request, . . .

2

. the party to whom the request is directed serves" a written answer or objection upon the requesting party. Pursuant to Rule 36(b), "any matter admitted . . . is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). The Rule further explains that the court may permit withdrawal or amendment "when the presentation of the merits will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Id.; see also Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 154 (6th Cir. 1997); Dynasty Apparel Indus. v. Rentz, 206 F.R.D. 596, 601-02 (S.D. Ohio 2001); Herrin v. Blackman, 89 F.R.D. 622, 624 (W.D. Tenn. 1981). The prejudice that the party who obtained the admission must show "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." American Auto Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1120 (5th Cir. 1991).

Under the first prong of the test regarding the benefit to the presentation of the case, if this court allowed the defaulted admissions to stand, the plaintiffs will have admitted that they do not know of any facts or evidence that support any of their allegations in this case. The first prong is satisfied when the admissions would "practically eliminate" the presentation of the contested issue by the parties. See Lovejoy v. Owens, No. 94-4224,

1996 WL 287261, at *2 (6th Cir. May 28, 1996). This prong, therefore, is satisfied.

The second prong is only satisfied, however, if NovaStar can show that it would suffer prejudice in the event the court allowed the plaintiffs to amend or withdraw the admissions. Nothing in the record before the court demonstrates that NovaStar would be prejudiced by withdrawal of the admissions, especially in light of the fact that NovaStar's counsel was informed by plaintiffs' counsel within two weeks after the responses were due that they were not aware that the requests had been sent to them. Because the second prong is not satisfied, the court GRANTS plaintiffs' motion.

At the May 11 hearing, the court found that several of the plaintiffs' responses were incomplete and that certain objections were not warranted. Plaintiffs asked that they be given additional time to supplement their responses. NovaStar did not oppose this request. For these reasons, NovaStar's counter-motion is GRANTED in part. Plaintiffs are ordered to supplement their responses to NovaStar's First Set of Requests for Admission by May 31, 2005.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

5/11/05
Date (nunc pro tunc)

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 285 in case 2:03-CV-02568 was distributed by fax, mail, or direct printing on May 20, 2005 to the parties listed.

---

Bruce E. Alexander
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

Loys A. Jordan
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Evan Nahmias
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Webb A. Brewer
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Mitchel H. Kider
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

Jennifer Shorb Hagerman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Sapna V. Raj
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Virginia M. Patterson
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Louis F. Allen
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Robert B. Hale
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

W. Timothy Hayes
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Roscoe Porter Feild
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT