IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ⟨sig⟩ D.C.

05 JUL 25 PM 5:03

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | | |
|---|---|---|
| CHARLENE SPINKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 CV 2568 D/P |
| | ) | |
| HOME TECH SERVICES CO., INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| BOBBIE J. CARR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 03 CV 2569 D/P |
| | ) | |
| HOME TECH SERVICES CO., INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING NOVASTAR MORTGAGE, INC.'S MOTION FOR DISCOVERY SANCTIONS AND GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DISCOVERY**

Before the court is defendant NovaStar Mortgage, Inc.'s ("NovaStar") Motion for Discovery Sanctions or in the Alternative to Compel Discovery, filed on December 10, 2004 (Spinks-NovaStar dkt #170, Carr-NovaStar dkt #242). An amended memorandum in support was filed on December 23, 2004. Plaintiffs Charlene Spinks and Bobbie Carr responded on January 20, 2005. NovaStar filed a reply, with leave of court, on February 2, 2005. On March 3, 2005,

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

the court held a hearing on this motion. Counsel for all interested parties were present and heard. On May 11, 2005, NovaStar filed supplemental memoranda in both cases.

For the reasons below, the motion for sanctions is DENIED. The motion to compel discovery is GRANTED in part and DENIED in part.

## I. BACKGROUND

On October 22, 2003, Spinks and Carr provided NovaStar with their initial disclosures. Subsequently, plaintiffs responded to NovaStar's First Set of Document Requests by stating that they had previously provided NovaStar with plaintiffs' initial disclosures. At no time did plaintiffs inform NovaStar that they were in possession of any data compilations or databases. Later, however, while the parties were discussing plaintiffs' discovery responses and NovaStar's objections to those responses, plaintiffs informed NovaStar that they were in the process of compiling a database containing "considerable information about loans made by NovaStar in the Memphis area between 1998 and 2003 to black and white borrowers, which will form the basis of our expert witness reports. That information is currently being analyzed and will be provided to you in the context of expert witness reports." (See 12/4/04 email from attorney Brewer to attorney Alexander attached as ex. 4 to NovaStar's amended memorandum). Apparently, the loan information used to compile the database came from discovery that plaintiffs' counsel obtained in another case (in which NovaStar is

2

not a party). Plaintiffs refused to produce the information contained in this database to NovaStar until they completed the data compilation.

NovaStar contends that the late disclosure of the existence of the database, and plaintiffs' refusal to produce the information contained in the database at this time, violates the scheduling order and the discovery rules. NovaStar asks that the court prohibit the plaintiffs from using the information contained in the database at trial, and further prohibit them from offering any evidence of their damages at trial. NovaStar also asks that plaintiffs pay NovaStar's attorney's fees and costs associated with the filing of this motion. In the alternative, NovaStar seeks an order compelling the plaintiffs to immediately provide NovaStar with the database (and supporting documentation), and to fully respond to various interrogatories and document requests identified in its motion to compel.

## II.  ANALYSIS

### A.  The database and sanctions

Rule 26(a)(1)(B) requires that a party must provide to other parties "a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment." Fed.R.Civ.P. 26(a)(1)(B).

The database and supporting documentation fall squarely within

3

the definitions of "documents" and "data compilations" that must be disclosed automatically under Rule 26(a)(1). Although, according to the plaintiffs, this database will be used as part of their expert reports, at minimum the existence of the database and the underlying information contained in the database should have been made known to NovaStar in a more timely manner.

On May 11, 2005, the court ordered the plaintiffs to provide the defendants with access to the database and underlying information. By order dated June 21, 2005, the court clarified its May 11 ruling by requiring production of only certain relevant portions of the database. Therefore, the issues relating to the production of the database have now been resolved. The only issue remaining involves the appropriate sanctions, if any. After considering the entire record, the court concludes that the sanctions requested by NovaStar are not warranted in this case, and thus the motion for sanctions is DENIED. The plaintiffs have apparently been working on compiling the database for several months, but due to lack of resources, have been unable to complete the database sooner. As mentioned above, the plaintiffs should have informed the defendants earlier about the existence of this database; however, the trial has recently been reset to October 2006, and thus the defendants will have a sufficient opportunity to analyze the database prior to trial.

**B.   Interrogatories and Document Requests**

    1.   <u>Interrogatory Nos. 3, 6, 8 and 14</u>

In these interrogatories, NovaStar asks the plaintiffs to describe in detail facts that support various allegations in plaintiffs' amended complaints. Plaintiffs' responses state that NovaStar has not provided information regarding other loans and that plaintiffs are in the process of compiling the database.

Plaintiffs' objections based on their inability to obtain certain discovery from the defendant is not well taken. Plaintiffs must respond to these interrogatories, and if new information becomes available in the future, they must supplement their discovery responses. Moreover, as mentioned above, the plaintiffs now have the database completed, and are in a position to respond to these interrogatories with specificity.

Thus, the plaintiffs shall respond to these interrogatories fully within thirty (30) days from the date of this order.

2.   Interrogatory Nos. 5, 7, 17, and 19

NovaStar asks the plaintiffs to define or describe various terms used in the amended complaints. The plaintiffs object to these interrogatories on the basis that they ask for legal interpretations or information not factual in nature.

With respect to interrogatory number 5, the court concludes that the plaintiffs have fully responded to this interrogatory. Regarding interrogatory numbers 7, 17, and 19, these responses are insufficient, and the objections are without merit. Therefore, the plaintiffs shall respond to these interrogatories within thirty (30) days from the date of this order.

5

3. <u>Interrogatory Nos. 2, 9, 10, 12, 13, 15, 16, and 18</u>

Regarding interrogatory number 2, which asks for plaintiffs' damages calculation, the motion is GRANTED. Plaintiff shall respond to this interrogatory with their calculation of damages within thirty (30) days from the date of this order. Again, the plaintiffs shall supplement their response if new information becomes available.

Regarding interrogatory number 9, which asks for plaintiffs to describe the basis for allegations that NovaStar made false or fraudulent pretenses, representations, or promises or that NovaStar made false representations of existing or past material facts, the plaintiffs responded generally about all defendants. The motion is GRANTED, and the plaintiffs shall respond to this interrogatory specifically regarding the basis of these allegations against NovaStar within thirty (30) days from the date of this order.

Regarding interrogatory numbers 10, 12, 13, 15, 16, and 18, the court finds that the responses sufficiently address the questions posed in the interrogatories. Although NovaStar may disagree with the substance of these responses, that alone is not a basis for requiring the plaintiffs to provide a different response. With respect to interrogatory 10, issues surrounding Spinks's refusal to cooperate with releasing Social Security information was previously addressed by the court in its February 17, 2005 order granting NovaStar's Motion to Compel Discovery Cooperation.

However, if the plaintiffs have any additional information in response to these interrogatories, they shall supplement those responses within thirty (30) days from the date of this order.

4. <u>Interrogatory Nos. 4, 11, and 20</u>

Regarding interrogatory number 4, it appears that the plaintiffs' response is incomplete, and therefore the motion is GRANTED. The plaintiffs shall respond fully to interrogatory 5 within thirty (30) days from the date of this order.

Regarding interrogatory numbers 11 and 20, NovaStar argues that the plaintiffs have improperly incorporated their responses to other interrogatories. Although a party cannot answer one interrogatory by referring to another equally unresponsive answer, see <u>Martin v. Easton Pub. Co.</u>, 85 F.R.D. 312, 315 (E.D. Pa. 1980), NovaStar does not explain how the referenced responses to interrogatories 11 and 20 are unresponsive. Thus, the motion is DENIED with respect to interrogatories 11 and 20.

5. <u>Document Request Nos. 1, 8, 11, 12, 13, 14, 15, and 16</u>

Regarding these documents requests, the plaintiffs shall supplement their prior responses and provide additional responsive documents, if any, to NovaStar within thirty (30) days from the date of this order. As stated in the court's May 24, 2005 Order Granting NovaStar's Motion to Compel, the plaintiffs must identify documents with sufficient particularity so as to allow NovaStar to ascertain which documents are responsive to the specific discovery requests.

7

## III. CONCLUSION

For the reasons above, NovaStar's motion to compel is GRANTED in part and DENIED in part. Plaintiffs shall respond to the discovery requests, as set forth in this order, within thirty (30) days from the date of this order. NovaStar's motion for sanctions is DENIED.

IT IS SO ORDERED.

_____
TU M. PHAM
United States Magistrate Judge

July 25, 2005
Date

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 308 in case 2:03-CV-02568 was distributed by fax, mail, or direct printing on August 1, 2005 to the parties listed.

---

Bruce E. Alexander
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

Jennifer Shorb Hagerman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Webb A. Brewer
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Louis F. Allen
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Robert B. Hale
GLANKLER BROWN, PLLC
One Commerce Square
Suite 1700
Memphis, TN 38103

Roscoe Porter Feild
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Virginia M. Patterson
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Mitchel H. Kider
WEINER BRODSKY SIDMAN KIDER, P.C.
1300 19th Street, N.W.
5th floor
Washington, DC 20036--160

Sapna V. Raj
MEMPHIS AREA LEGAL SERVICES, INC.
109 N. Main Street
Ste. 201
Memphis, TN 38103

Loys A. Jordan
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

Evan Nahmias
MCDONALD KUHN
119 South Main St.
Ste. 400
Memphis, TN 38103

W. Timothy Hayes
THE HARDISON LAW FIRM
119 S. Main St.
Ste. 300
Memphis, TN 38103

Honorable Bernice Donald
US DISTRICT COURT